812 F.2d 1401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Ray MURVIN, Petitioner-Appellant,
v.
Charles M. CREECY, Attorney General of North Carolina,
Respondent-Appellee.
 No. 86-7301.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided Feb. 25, 1987.
 
 Before WIDENER, PHILLIPS and SPROUSE, Circuit Judges.
 John Ray Murvin, appellant pro se.
 Barry Steven McNeill, Office of the Attorney General, for appellee.
 PER CURIAM:
 
 
 1
 John Murvin, a North Carolina inmate, appeals the decision of the district court which dismissed his 28 U.S.C. Sec. 2254 petition.
 
 
 2
 In 1980 Murvin was given a life sentence for felony murder and a 30-year consecutive term for armed robbery. After exhausting his state remedies, Murvin filed a habeas petition with the district court. Murvin alleges that 1) the testimony of one of the prosecutor's witnesses should have been excluded because it was based on conjecture; 2) the court failed to grant a mistrial on the basis of that testimony; 3) the court improperly excluded an affidavit of one of the prosecutor's witnesses; 4) one of the prosecutor's witnesses gave testimony which should have been excluded as hearsay; and 5) the robbery conviction is a lesser offense which should have been included in the murder charge.
 
 
 3
 The district court determined that the evidentiary issues raised by Murvin did not establish a violation of his due process rights and that Murvin's robbery charge was not a lesser included offense of the murder charge. Murvin challenges these determinations on appeal and also argues that the district court should have appointed an attorney to assist him with his habeas petition and should have provided him with a full evidentiary hearing.
 
 
 4
 We find no error in the district court's failure to appoint counsel. The district court is authorized under 18 U.S.C. Sec. 3006A(q) to appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation. The determination whether to appoint counsel is left to the discretion of the district court.[1] The petition in this case did not present any complex issues, and we find no abuse of discretion in the district court's failure to appoint counsel. Nor do we find any error in the district court's failure to conduct an evidentiary hearing. The petition did not present any disputed issues of fact requiring the taking of evidence by the district court. See Townsend v. Sain, 372 U.S. 293 (1963).
 
 
 5
 We find the district court's resolution of Murvin's claims to be correct in all respects. We accordingly affirm the judgment below on the reasoning of the district court. Murvin v. Creecy, C/A No. 86-503-HC (E.D.N.C., Sept. 16, 1986). We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.
 
 
 
 [1]
 If the petition proceeds to an evidentiary hearing, however, appointment of counsel is mandatory. Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts